Porter, J.
The petition in this case states, the plaintiffs and appellees had come under various indorsements, to a large amount, for the defendants, and that they had also advanced them the sum of $3000 dollars.
It further avers, that the defendants are now residents of the state, and an attachment and sequestration is prayed on a certain quantity of tobacco and merchandise, the property of the appellants.
To this petition, an affidavit in the usual form, was annexed. The judge directed a *473 writ of sequestration, which was executed, and the same formalities pursued in carrying it into effect, as are prescribed by law, in cases of attachment, except the giving notice by affixing copies of the proceedings as the act of the legislature directs.
East’n District.
Dec. 1821.
On the application of the plaintiffs, this sequestration was afterwards set aside, as to all the property levied on, except twenty-five hogsheads of the tobacco.
The counsel appointed by the court to defend the absent debtor, plead the general issue; there was judgment for the plaintiffs; the defendants appealed; and now insist that this was not a case in which a sequestration could issue, and that it ought to be set aside.
Our jurisprudence does not seem to recognise the writ of sequestration, for the purposes it has been applied to here. Civil Code, 418, art. 42. The law of the Partidas, 3, 9, 1, declares the six cases, and no more, for which the thing in dispute, between the plaintiff and defendant ought to be put in judicial deposit, does not enumerate this as one, and our legislative acts, which refer to this writ, do not contemplate it to be exercised for the purpose of compelling the appearance of an absent *474 debtor, and holding the property to satisfy the ultimate judgment of the court.
The proper remedy in the case now before us, was by an attachment; and had it appeared that every thing was done here, under the name of sequestration, which the law requires in that proceeding, I must confess, though I do not wish to be understood to expressly decide it, that I should have felt a strong desire to support the judgment of the district court; and that more particularly when the objection is taken at so late a stage of the cause.
But when the record is looked into for this purpose, we are met by the difficulty, that the defendant has not been cited as the law directs. The acts of the legislature on this subject, require notice of the proceedings to be put up at certain public places, and left at the last place of abode of the defendant. This stands in place of citation, and the want of it is fatal. Curia Phillip. p. 1, sec. 12. Citation, n. 1, 2. The statute must be construed strictly, as every law should be, that derogates so much from the general principles of our jurisprudence, and decides on the rights of those who are absent. It is a privilege to allow a creditor to pursue his debtor in this way, and *475 he cannot complain it he is required to follow exactly, the formalities which the act prescribe; and above all, he cannot be permitted to neglect that which the law has substituted for a citation, and is, consequently, the basis on which all the subsequent proceedings in the cause must rest.
It has occurred to the court, as a question worthy of examination, whether this objection was not removed; the attorney appointed by the court having plead to the merits. But I am of opinion, that the want of notice is not cured by this omission; the party alone could wave the defect.
The case of Watson & al. vs. M'Allister & al. 7 Martin, 368, appears opposed to this doctrine, but I have examined the record in that case, and find that the motion made there, to dissolve the attachment, was not for any defect in the proceedings as they appeared on record, but on an allegation that the debtor was a resident of the state.
On the whole, I am of opinion that the judgment of the district court be annulled, avoided and reversed, and that judgment be rendered for the defendant, as in case of non-suit, with costs in this court and that below.